**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL CASE NO. 1:98cr335**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **TERRY MOSS.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reduction of 2 Points in Offense Category Points for Possession with Intent to Distribute Cocaine Base (Crack) pursuant Title 18 U.S.C. §3582(c)(2) [Doc. 28].

On December 16, 2008, Hon. Lacy H. Thornburg ruled that, although the Defendant was eligible for a two-level reduction pursuant to the Retroactive Crack Cocaine Guideline Amendment, Amendment 706, that eligibility did not impact his total offense level because he had been found to be a career offender. [Doc. 27]. The offense level for a career offender is based on U.S.S.G. §4B1.1, not U.S.S.G. §2D1.1 and thus, the amendment did

1

not apply and no change in sentence was allowed.

On June 16, 2010, the Defendant moved for a two level reduction in his offense level based on Amendment 706 and asked that the reduction be applied to the time he must serve on supervised release. [Doc. 28]. As previously noted, however, the Defendant's offense level was based on the career offender guideline, not the crack cocaine guideline. Thus, the Court has no authority to modify his supervised release. United States v. Smith, 2010 WL 2000986 **1 (4th Cir. 2010) ("A district court, however, lacks the authority to grant a motion for a reduced sentence under Amendment 706 if the defendant seeking the reduction was sentenced pursuant to the career offender provision."), *citing* United States v. Munn, 595 F.3d 183, 187, 192 (4th Cir. 2010).

In addition, the Court finds this motion, if characterized as one to reconsider the previous ruling, is untimely.

> When the Sentence Commission reduces the Guidelines range applicable to a prisoner's sentence, the prisoner has an opportunity pursuant to §3582(c)(2) to persuade the district court to modify his sentence. If the result does not satisfy him, he may timely appeal it. But he may not, almost [six] months later, ask the district court to reconsider its decision.

United States v. Goodwyn, 596 F.3d 233, 236 (4th Cir. 2010), *certiorari denied* __ S.Ct. __, 2010 WL 2151021 (2010).

2

Assuming *arguendo* that the Court could reconsider the previous ruling, based on the Defendant's conduct in prison, the Court would not grant the relief sought. See, [Doc. 25, Supplemental Presentence Report, at 2]; United States v. Key, 602 F.3d 492, 494-95 (2nd Cir. 2010) (the factors set forth in 18 U.S.C.§3553(a) did not call for a reduction in term of supervised release pursuant to §3582(c)(2)). "In any event, 'the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range ... shall not, *without more*, provide a basis for early termination of supervised release.'" Id., *quoting* U.S.S.G. §1B1.10 Application Note 4(b) (emphasis in original). Likewise, "the amendments to the crack cocaine sentencing guidelines nowhere provide for the reduction of a term of supervised release for already-completed sentences[.]" United States v. Clark, 2010 WL 1324900 **1 (5th Cir. 2010).

The Defendant fares no better if it is assumed that in the future he will violate the conditions of his supervised release and thus face another sentence of prison upon revocation. "Amendment 706 has no bearing on [a] current term of incarceration" imposed upon revocation of supervised release because "that sentence is based on [the defendant's] noncompliance with the terms of his supervised release, not on the drug quantity table set forth in

3

U.S.S.G. §2D1.1(c)." <u>United States v. Fontenot</u>, 583 F.3d 743, 744 (10th Cir. 2009).

The Court therefore finds that the Defendant is not entitled to any relief.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reduction of 2 Points in Offense Category Points for Possession with Intent to Distribute Cocaine Base (Crack) pursuant Title 18 U.S.C. §3582(c)(2) [Doc. 28] is hereby **DENIED**.

Signed: June 30, 2010

Martin Reidinger
United States District Judge